1 | Bernard R. Schwam, Esq. SBN-67452
2 | Law Offices of Bernard R. Schwam
  | *bschwam@sbcglobal.net*
3 | 16133 Ventura Blvd., Penthouse
  | Encino, CA 91436
4 | Tel (818) 986-3775, Fax (818) 788-3153

5 | Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| WINDY MASTROYANNAKIS, | CASE NO. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT** |
| v. | **[29 U.S.C. Section 1132]** |
| METROPOLITAN LIFE INSURANCE COMPANY; AND DOES 1 TO 10, INCLUSIVE, | |
| Defendants. | |

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

Plaintiff, WINDY MASTROYANNAKIS (hereinafter referred to as "Plaintiff"), complains of Defendants METROPOLITAN LIFE INSURANCE COMPANY (hereinafter referred to as "MetLife"), and Does 1 to 10, inclusive, as follows:

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan, regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about June 21, 2016, at which time she was informed that MetLife had denied Plaintiff's appeal of the denial of her long term disability benefits and life waiver of premium.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, KAISER FOUNDATION HEALTH PLAN, INC. (hereinafter referred to as "KAISER"), to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California,

1

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT SECURITY ACT

1  County of Sonoma, residing within the Northern District of the State of California.

2      7.    On information and belief, MetLife insures the plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL AND LEGAL BACKGROUND

    8.    At all times relevant hereto, Plaintiff, currently age 47, was employed by KAISER as an advice nurse, which included working with physicians and triaging with routine and complex patient situations. Also she was team leader for nurse education. She used protocols to determine patient needs.

    9.    Plaintiff first became disabled on June 9, 2015 due to a serious bi-polar disorder which results in significant mood swings and severe disabling depression. She had attempted, in the past, to work part-time without going on disability but was unable to do so. When she is in the manic stage, she is impulsive and not completely rational. When she is in the depressed state, she is unable to get out of bed, sleeps 12 to 16 hours and it is difficult for her to groom herself.

    10.    As previously stated in Paragraphs 8 and 9 of the Complaint, the complexity of Plaintiff's job and how, under the above stated circumstances, her mood swings could jeopardize the safety of the patient is clearly illustrated.

    11.    Since Plaintiff was denied disability benefits from the onset, the definition of totally disabled or total disability under the Plan states:

> "During the elimination period and the next 24 months, you are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation in the usual and customary way."

    12.    The evidence presented shows that Plaintiff is totally disabled from her own occupation. This is established by the medical records, the medical report of Plaintiff's treating physician, Dr. Weinstein, and also the fact that Plaintiff applied for social security benefits and was approved. It must be noted that the Social

Security Administration's definition of total disability is more stringent and requires one to be unable to perform the duties of <u>any</u> occupation based on training, education and experience, while the MetLife policy only requires Plaintiff to be unable to perform the duties of her own occupation.

13. The medical records establish that Plaintiff has gone through intensive out-patient therapy which consisted of four sessions per week lasting three hours without success and that she has had significant issues with medications. The medications Plaintiff takes also have harsh side effects. The fact that nothing has prevented the mood swings indicates that Plaintiff cannot work in any capacity and her condition is permanent.

14. It should also be known that Plaintiff's psychiatrist, Dr. Weinstein, is the Chief of the Department of Psychiatry in San Rafael, California, and has known the Plaintiff since 2008.

15. When denying this claim, MetLife relied on the record review of Dr. Goldman, who is a medical director of MetLife, and who ignores the opinions of Dr. Weinstein.

16. After Plaintiff appealed, then a record review was performed by Dr. Stacy Wood, who appears to be either a consultant or an employee hired by MetLife. At no time was there ever a medical examination set up by MetLife even though their policy provides them with that choice. Plaintiff's appeal was denied on 6/21/16 thereby exhausting her administrative remedies.

## FIRST CLAIM FOR RELIEF

### For Damages and Benefits Against Defendant MetLife

### (Pursuant to 29 U.S.C. Section 1132(a)(1))

17. Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

18. Plaintiff contends that whether or not there is discretionary language in the Plan, the standard of review is de novo based on Insurance Code Section

3

10110.6 (effective January 1, 2012), which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, the interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this State, that provision is void and unenforceable."

19. Since Plaintiff's long term disability benefits were denied on November 3, 2015, Insurance Code Section 10110.6 applies.

20. As a direct and proximate result of MetLife's wrongful denial of LTD benefits, Plaintiff contends that MetLife has breached the contract by not paying monthly benefits, payable at the rate of $600.00 per month after offsetting State disability benefits from December 10, 2015 to June 10, 2016, and thereafter, $2,861.00 after offsetting Social Security benefits from June 10, 2016 to the present and continuing.

21. As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her, under the terms of the LTD plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $600.00 per month after offsetting State disability benefits from 12/10/15 to 6/10/16, and

thereafter $2,861.00 after offsetting Social Security benefits from June 10, 2016 to the present and continuing.

    2.    Interest on said amounts in accordance with law;

    3.    For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

    4.    For any further relief that the court deems reasonable and just.

DATED: August 10, 2016    LAW OFFICE OF BERNARD R. SCHWAM

By: /s/ Bernard R. Schwam
    BERNARD R. SCHWAM
    ATTORNEY FOR PLAINTIFF
    WINDY MASTROYANNAKIS

5

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT SECURITY ACT